IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV313-V-02
(3:03CR64-V)

ANTWAINE LAMAR McCOY,      )
    Petitioner,           )
                          )
v.                        )           <u>ORDER</u>
                          )
UNITED STATES OF AMERICA, )
    Respondent.           )
_____)

**THIS MATTER** comes before the Court on the petitioner's Motion to Vacate under 28 U.S.C. §2255, filed July 29, 2006. After having carefully reviewed the petitioner's Motion along with the record of his criminal case, and the relevant legal precedent, the Court concludes--out of an abundance of caution--that the petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to timely pursue a direct appeal of his underlying criminal case.

## I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the record, on April 29, 2003, the petitioner was named in a Bill of Indictment which charged him with, <u>inter alia</u>, possession with intent to distribute quantities of cocaine powder and cocaine base, in violation of 21 U.S.C. §841 (Count One); and it charged him with being a convicted felon in possession of multiple firearms, in violation of 18 U.S.C. §922(g)(1) (Count Three). On April 26, 2004, the petitioner entered into a

written Plea Agreement with the government, whereby he agreed to plead guilty to the foregoing charges.

Consequently, on June 16, 2004, the petitioner appeared before the Court and tendered his guilty pleas as contemplated by his Plea Agreement. Upon the conclusion of that proceeding, the Court conditionally accepted the petitioner's guilty pleas.

Then, on February 14, 2005, the Court held a Factual Basis & Sentencing Hearing in this matter. On that occasion, the Court reviewed the record, the Pre-Sentence Report and other pertinent matters. Next, the Court considered the government's oral motion for downward departure pursuant to U.S.S.G. §5K1.1. Ultimately, however, the Court denied the government's motion, and sentenced the petitioner to a total term of 262 months imprisonment. The Court's Judgment was filed on March 15, 2005.

The petitioner did not timely appeal his convictions or sentence. Rather, on August 10, 2005, the petitioner submitted a letter of inquiry to the Court, which letter was construed by the Court as an out-of-time notice of appeal. Accordingly, the petitioner's notice of appeal was transmitted to the Fourth Circuit Court of Appeals. Thereafter, the government filed a Motion to Dismiss that appeal as untimely filed. By Order of January 18, 2006, the appellate Court granted the government's Motion and dismissed the petitioner's appeal.

Next, on July 29, 2006, the petitioner returned to this Court on the instant Motion to Vacate, alleging two instances of

ineffective assistance of counsel. Pertinent to the instant Order, the petitioner's Motion alleges that trial counsel failed to honor his request that he file a written notice of appeal for him.

## II. **ANALYSIS**

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

In the instant case, the petitioner has alleged that at the conclusion of his Sentencing Hearing, he personally gave his oral notice of appeal, and then asked his attorney to file a written notice of appeal on his behalf. However, the record reflects that no such written notice was filed by counsel. Furthermore, the record establishes that the petitioner did not learn that he had no appeal pending until some subsequent point when he contacted the Fourth Circuit to inquire about the status of his case.

Accordingly, in light of Evitts and Peak, the Court concludes that the petitioner's Motion to Vacate should be granted. That is, in cases such as this one, the prescribed remedy is to

vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the petitioner may appeal his convictions and/or sentence.

### III. NOTICE OF APPELLATE RIGHTS

Mr. McCoy, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing the petitioner to timely appeal his case;

2. That the petitioner's original Judgment is **VACATED** due to counsel's failure to timely file an appeal as requested by the petitioner;

3. That the Clerk is directed to prepare a new Judgment with the same sentences and conditions as indicated on the original Judgment form;

4. That the petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the government is aware that former defense counsel has in his possession a document which affirmatively establishes that the petitioner advised counsel that he did not want to appeal, counsel for the government may present such evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

SO ORDERED.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge